UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Samoya Henry,<br><br>         Plaintiff,<br><br>   -against-<br><br>Comenity Bank; Goldman Sachs Bank USA; Synchrony Bank; Discover Bank; Citibank N.A.; Merrick Bank; American Express National Bank; Trans Union LLC a/k/a TransUnion;<br><br>        Defendants. | Civil Action<br>Case No.: 2:26-cv-01448<br><br><br>**COMPLAINT** |

Plaintiff Samoya Henry ("Plaintiff"), by and through her attorneys, Petroff Amshen LLP, as and for her complaint against the defendants named herein, hereby alleges the following upon personal knowledge, review of public record, and/or otherwise upon information and belief:

1. Plaintiff brings this action against Comenity Bank ("Comenity"), Goldman Sachs Bank USA ("GS Bank"); Synchrony Bank ("Synchrony"), Discover Bank ("Discover"); Citibank N.A. ("Citi"); Merrick Bank ("Merrick"), American Express National Bank ("AMEX"); Trans Union LLC a/k/a TransUnion ("TransUnion") (collectively, the "Defendants"), arising from their willful and negligent violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FCRA"), and its implementing Regulation V, 12 C.F.R. Part 1022.

2. This action arises from Defendants' ongoing disregard for federal consumer protection laws in connection with the reporting of numerous inaccurate accounts on Plaintiff's credit file. TransUnion reported multiple accounts on Plaintiff's credit report that do not belong to her and instead belong to her sister, Ramona Henry. These inaccurate accounts include those furnished by Comenity, GS Bank, Synchrony, Discover, Citi, Merrick, and AMEX, among others.

1

Despite Plaintiff's diligent efforts to dispute the inaccurate information and notify Defendants that the accounts were not hers, Defendants failed to conduct reasonable investigations, failed to correct or delete the inaccurate information, and continued reporting the accounts on Plaintiff's credit file. As a result of Defendants' failures, Plaintiff's creditworthiness has been significantly harmed, causing the denial of credit from Chase. Defendants' conduct constitutes violations of the FCRA, including their duties to conduct reasonable investigations and to ensure the accuracy of information furnished and reported on consumer credit files.

## PARTIES

3.      Plaintiff is an individual residing in Suffolk County, New York, and is a consumer as defined in 15 U.S.C. § 1681a(c).

4.      Comenity is a national banking association, and is a furnisher as defined in 15 U.S.C. § 1681s-2.

5.      GS Bank is a national banking association, and is a furnisher as defined in 15 U.S.C. § 1681s-2.

6.      Synchrony is a Delaware corporation that conducts substantial business in the State of New York, and is a furnisher as defined in 15 U.S.C. § 1681s-2.

7.      Discover is Delaware state-chartered bank, and is a furnisher as defined in 15 U.S.C. § 1681s-2.

8.      Citi is a national banking association, and is a furnisher as defined in 15 U.S.C. § 1681s-2.

9.      Merrick is Utah state-chartered industrial bank, and is a furnisher as defined in 15 U.S.C. § 1681s-2.

10.    AMEX is a national banking association, and is a furnisher as defined in 15 U.S.C. § 1681s-2.[1]

11.    TransUnion is a limited liability company organized under the laws of the State of Delaware and is a consumer reporting agency as defined by 15 U.S.C. §§ 1681a(f) and 1681a(p).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under federal law.

13.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, including the harm suffered by Plaintiff.

## STATEMENT OF FACTS

14.    Plaintiff has historically maintained good credit and has consistently made efforts to timely pay her financial obligations.

15.    Despite Plaintiff's responsible credit behavior, Plaintiff repeatedly experienced denials when applying for credit cards and other financial products.

16.    Concerned about these repeated credit denials, Plaintiff began actively monitoring her credit through CreditWise, a consumer credit monitoring service.

17.    Plaintiff noticed that her credit score began steadily declining over time despite the fact that she continued to responsibly manage and timely pay her legitimate credit obligations.

18.    Alarmed by the unexplained decline in her credit score, Plaintiff decided to obtain and review her full credit reports to determine the cause of the negative changes to her credit profile.

---

[1] Comenity, GS Bank, Synchrony, Discover, Citi, Merrick, and AMEX shall be collectively referred to herein as the "Furnishers."

19.     Plaintiff subsequently contacted a credit reporting assistance service she located online in order to help her review and understand the contents of her credit reports.

20.     Upon reviewing her credit reports, Plaintiff discovered numerous credit accounts that she did not recognize and that she had never opened, authorized, or used.

21.     During this review, Plaintiff further discovered that her TransUnion credit report listed her name as "Samoya Henry," also known as "Ramona Henry."

22.     Ramona Henry is Plaintiff's sister.

23.     As a result of this inaccurate identification and mixed credit file, numerous credit accounts belonging to Ramona Henry were incorrectly attributed to Plaintiff and reported on Plaintiff's TransUnion credit file.

24.     Plaintiff has never applied for, opened, authorized, or benefited from these accounts.

25.     The inaccurate reporting created the false impression that Plaintiff incurred substantial debt and negative payment history associated with accounts that actually belong to her sister.

26.     Plaintiff identified numerous accounts (the "Accounts") on her TransUnion credit report that belong to Ramona Henry and not to Plaintiff, including but not limited to the following:

a) **Comenity Bank / Victoria's Secret**, Account No. 523704022469****, opened May 27, 2019, with a reported balance of approximately $2,640;

b) **Comenity Bank / NY & Company**, Account No. 585637637798****, opened March 29, 2019, with a reported balance of approximately $1,121;

c) **Goldman Sachs Bank**, Account No. 120001208151****, opened November 3, 2022, with a reported balance of approximately $779;

d) **State University of New York**, Account No. 78C471F988CFPER2****, opened December 14, 2014, with a reported balance of approximately $309;

4

e) **Department of Education / Nelnet**, Account No. 90000069051****, opened September 4, 2014, with reported balances including approximately $1,200, $2,731, and $5,499;

f) **Synchrony Bank / PayPal Credit**, Account No. 604419107203****, opened February 5, 2023, with a reported balance of approximately $4,862;

g) **Discover Card**, Account No. 601100555731****, opened March 31, 2019, with a reported balance of approximately $8,055;

h) **Citibank**, Account No. 542418150734****, opened August 24, 2019, including late payment remarks reported in August 2025 and September 2025;

i) **Merrick Bank**, Account No. 542539508226****, opened September 8, 2019, with a reported balance of approximately $3,949;

j) **American Express**, Account No. 349992911569****, opened September 26, 2021, with a reported balance of approximately $6,011;

k) **Synchrony Bank / TJX Companies**, Account No. 524366168674****, opened March 27, 2022, with a reported balance of approximately $1,426.

27.    Plaintiff later discovered an additional account belonging to her sister that also appears on Plaintiff's TransUnion credit report:

a) **Hyundai Finance**, Account No. 2021020223****, opened February 20, 2021, with a reported balance of approximately $6,676.

28.    Plaintiff has never opened, applied for, authorized, or been responsible for the Hyundai Finance account.

29.    The reporting of these accounts on Plaintiff's credit file constitutes inaccurate reporting and reflects a mixed credit file in which accounts belonging to another consumer have been attributed to Plaintiff.

30.    Recognizing the seriousness of the situation, Plaintiff submitted a detailed dispute package to TransUnion on or about January 10, 2026, identifying the inaccurate accounts and providing documentation supporting her dispute.

31.     Plaintiff's dispute package notified TransUnion that her credit file had been improperly mixed with that of her sister, and that numerous accounts belonging to her sister were inaccurately appearing on Plaintiff's credit report.

32.     The dispute package submitted to TransUnion included, among other things:

i.      A written statement explaining that Plaintiff's credit file contained accounts that do not belong to her and that her credit file appeared to have been mixed with that of her sister, Ramona Henry;

ii.     Identification of the inaccurate accounts appearing on Plaintiff's TransUnion credit report that does not belong to her;

iii.    A clear assertion that Plaintiff never applied for, opened, authorized, or benefited from those accounts appearing on her credit report;

iv.     A request that TransUnion conduct a reasonable reinvestigation into the disputed accounts and remove all accounts that do not belong to Plaintiff;

v.      Copies of Plaintiff's personal identification documents verifying her identity;

vi.     Proof of Plaintiff's address; and

vii.    Documentation supporting Plaintiff's claim that the accounts belonged to another consumer, specifically Ramona Henry.

33.     The submission of this dispute package placed TransUnion on notice that Plaintiff's credit file contained inaccurate information resulting from a mixed file and triggered TransUnion's statutory duties under the FCRA, including the duty to conduct a reasonable reinvestigation and ensure maximum possible accuracy of the information contained in Plaintiff's credit file.

34.     Upon receiving notice of Plaintiff's dispute from TransUnion, each furnisher had a duty under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation into the disputed information, review all relevant information provided by the consumer reporting agency, and report the results of the investigation.

35.    Notwithstanding Plaintiff's diligence and the clear evidence that the disputed accounts belong to another individual, Defendants failed to conduct reasonable investigations and failed to correct or remove the inaccurate information from Plaintiff's credit file.

36.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered substantial damages including, but not limited to, repeated credit denials, harm to her credit reputation, and the loss of opportunities to obtain credit on favorable terms, including but not limited to a denial of a Chase credit card on February 27, 2026.

37.    Plaintiff has also suffered significant emotional distress, frustration, embarrassment, and anxiety as a result of the inaccurate information being reported on her credit.

38.    Plaintiff has always made a good faith effort to maintain good credit and timely pay her legitimate financial obligations, and it has been extremely distressing for her to see her credit score decline because of accounts that do not belong to her.

39.    The inaccurate reporting has caused Plaintiff to experience ongoing stress and worry regarding her financial stability and her ability to obtain credit in the future.

40.    Plaintiff has become particularly concerned that the damage to her credit score has prevented her from maintaining a credit profile strong enough to pursue major life goals, including the ability to purchase a home.

41.    The situation has caused Plaintiff substantial frustration and emotional strain, as she has spent significant time attempting to understand and correct errors on her credit report that she did not create.

42.    The emotional impact of these events has affected Plaintiff's daily life and peace of mind. Plaintiff has experienced periods of anxiety, stress, and emotional distress related to the harm to her credit.

43.     At times, Plaintiff has felt overwhelmed and helpless regarding the situation, believing she needed assistance simply to resolve the ongoing credit reporting errors.

44.     Plaintiff has experienced moments of significant emotional distress related to the inaccurate reporting, including occasions where she has become extremely upset and cried while discussing the situation with her husband.

45.     Plaintiff continues to experience stress, anxiety, and concern about her financial reputation and future credit opportunities as a result of Defendants' inaccurate reporting.

46.     The Furnishers had a duty under 15 U.S.C. § 1681s-2(b) to conduct a reasonable and timely investigation upon receiving notice of Plaintiff's dispute from Transunion.

47.     The Furnishers failed to conduct an investigation or any reasonable investigation.

48.     The Furnishers failed to review all relevant information.

49.     The Furnishers continued to provide inaccurate information about the Accounts to Transunion.

50.     The Furnishers failed to conduct reasonable investigations after receiving notice of Plaintiff's dispute.

51.     Upon receipt of Plaintiff's comprehensive dispute package in January 2026, Transunion was obligated under 15 U.S.C. § 1681i(a) to conduct a reasonable reinvestigation of the disputed information concerning the accounts.

52.     Transunion failed to conduct a reasonable reinvestigation, which required, at a minimum, a thorough review of all documentation submitted by Plaintiff identifying the inaccurate accounts and explaining that those accounts belong to another person.

53.    Further, pursuant to 15 U.S.C. § 1681i(a), upon receiving Plaintiff's complete dispute and supporting documentation on or about January 10, 2026, Transunion was required to conduct a reasonable reinvestigation of the disputed Accounts.

54.    Transunion failed to conduct a reasonable reinvestigation of the Accounts as required.

55.    The Accounts continued to appear on consumer reports issued by Transunion well after Plaintiff submitted her dispute and supporting documentation.

56.    Transunion failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff, as required by 15 U.S.C. § 1681e(b).

57.    If Transunion did implement any temporary suppression or modification of the Accounts and subsequently reversed or reinstated them, Transunion failed to promptly notify Plaintiff of such action in the manner required by 15 U.S.C. § 1681i(a)(5)(B).

58.    As a direct and proximate result of Defendants' willful and/or negligent violations of the FCRA, Plaintiff has suffered, and continues to suffer, significant actual damages.

59.    The continued presence of the Accounts, and the incorrect information associated with some of them, including negative payment history and derogatory reporting, have severely damaged Plaintiff's credit, resulting in Plaintiff being denied credit upon application for additional credit products.

60.    Plaintiff has been forced to expend considerable time and effort attempting to resolve this matter and has incurred and will continue to incur financial costs, including costs for obtaining credit reports, certified mailings, and fees to investigate and rectify Defendants' errors.

## CAUSES OF ACTION

### COUNT I: Willful Noncompliance With The FCRA *Against the Furnishers*
### (Violations of 15 U.S.C. § 1681s-2(b))

61. Plaintiff incorporates by reference each of the preceding paragraphs.

62. The Furnishers are each a "person" and a "furnisher" of information to CRAs as defined by and subject to the FCRA, including the duties enumerated under 15 U.S.C. § 1681s-2.

63. The Furnishers received notice of Plaintiff's dispute from Transunion.

64. The Furnishers provided information relating to Plaintiff to Transunion that they knew or had reasonable cause to believe was inaccurate.

65. The Furnishers reported the accounts as Plaintiff's obligations, despite the fact that the accounts belong to another person, and Plaintiff never opened, authorized, or benefited from those accounts.

66. The Furnishers had reasonable cause to believe the information was inaccurate after receiving notice of Plaintiff's dispute from TransUnion.

67. The Furnishers continued to provide information to Transunion after being notified by Plaintiff, at an address specified by the Furnishers for such notices (or through their regular channels for customer disputes), that specific information was inaccurate.

68. The Furnishers had specific knowledge that would cause a reasonable person to have substantial doubts about the accuracy of the information regarding the accounts.

69. The Furnishers provided information they knew Plaintiff disputed to Transunion without properly marking the information as disputed.

70. The Furnishers provided information to TransUnion reporting the Accounts as belonging to Plaintiff even after receiving notice of Plaintiff's dispute and being informed that the Accounts belong to another person.

71.    The Furnishers violated their duties under 15 U.S.C. § 1681s-2(b) by failing to: (1) conduct a reasonable and proper investigation with respect to the disputed information; (2) review all relevant information provided by Transunion concerning the dispute; (3) report the results of their investigation to Transunion; and (4) if the investigation found the information to be inaccurate or incomplete or if it could not be verified, the Furnishers failed to instruct Transunion to modify, delete, or permanently block the reporting of that item of information.

72.    The Furnishers' conduct was willful, as they acted with knowledge of their obligations under the FCRA and in reckless disregard of the accuracy of the information.

73.    This willfulness is evidenced by their repeated failures to respond meaningfully to Plaintiff's direct inquiries, their failures to produce any documentation for the accounts, and their continued reporting of inaccurate information despite clear notice that the Accounts did not belong to Plaintiff.

### COUNT II: Negligent Noncompliance With The FCRA *Against the Furnishers* (Violations of 15 U.S.C. §1681s-2(b))

74.    Plaintiff incorporates by reference each of the preceding paragraphs.

75.    The Furnishers' conduct constituted negligent noncompliance with their duties as furnishers of information, thereby violating their duties under 15 U.S.C. § 1681s-2(b).

76.    The Furnishers failed to exercise reasonable care in their information furnishing practices and in their investigation processes upon receiving notice of Plaintiff's dispute, thereby breaching their duties owed to Plaintiff under the FCRA.

### COUNT III: Willful Noncompliance With The FCRA *Against Transunion* (Failure to Conduct Reasonable Reinvestigation - Violation of 15 U.S.C. § 1681i)

77.    Plaintiff incorporates by reference each of the preceding paragraphs.

78.    Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

11

79. Transunion received Plaintiff's dispute concerning the inaccurate information related to the accounts appearing in her consumer report.

80. Pursuant to 15 U.S.C. § 1681i(a), upon receipt of Plaintiff's dispute, Transunion was required to conduct a reasonable reinvestigation to determine the accuracy of the disputed information and record the current status, or delete the item, within thirty (30) days.

81. Transunion failed to conduct a reasonable reinvestigation of Plaintiff's dispute.

82. Transunion failed to review all relevant information submitted by Plaintiff.

83. Transunion's failures to delete or correct the inaccurate information, or to accurately record the status of the disputed information concerning the accounts.

84. The inconsistent information between TransUnion and other CRAs' reports, including incorrect contact information and other identifying data associated with Plaintiff's credit file, underscores these failures.

85. TransUnion's failure to perform a reasonable reinvestigation after receiving Plaintiff's detailed dispute and compelling evidence that the accounts belong to another person, was willful.

86. Transunion acted with knowledge of their statutory duties or in reckless disregard of those duties and Plaintiff's rights.

**COUNT IV: Negligent Noncompliance With The FCRA *Against Transunion***
**(Failure to Conduct Reasonable Reinvestigation - Violation of 15 U.S.C. § 1681i)**

87. Plaintiff incorporates by reference each of the preceding paragraphs.

88. Transunion's conduct constituted negligent noncompliance with their duty to conduct a reasonable reinvestigation of disputed information under 15 U.S.C. § 1681i(a).

89. Transunion failed to exercise reasonable care in their reinvestigation process concerning Plaintiff's dispute of the accounts.

**COUNT V: Willful Noncompliance With The FCRA *Against Transunion***
**(Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy -**
**Violation of 15 U.S.C. § 1681e(b))**

90.    Plaintiff incorporates by reference each of the preceding paragraphs.

91.    Pursuant to 15 U.S.C. § 1681e(b), CRA must follow reasonable procedures to assure maximum possible accuracy of the information in their reports.

92.    Transunion failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

93.    The continued reporting of the accounts and the reporting of inconsistent information, demonstrates Transunion' failures to adhere to this statutory mandate.

94.    Transunion' failure to establish or follow such reasonable procedures was willful, representing a knowing failure to comply with its statutory duties or a reckless disregard for the accuracy of the information they compile and disseminate about Plaintiff.

**COUNT VI: Negligent Noncompliance With The FCRA *Against Transunion***
**(Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy -**
**Violation of 15 U.S.C. § 1681e(b))**

95.    Plaintiff incorporates by reference each of the preceding paragraphs.

96.    Transunion' conduct constituted negligent noncompliance with its duty to follow reasonable procedures to assure maximum possible accuracy of information in its consumer reports under 15 U.S.C. § 1681e(b).

97.    Transunion failed to exercise reasonable care in its consumer report preparation and accuracy assurance processes.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, jointly and severally where appropriate, for the following:

I.      Actual damages in an amount to be fully determined at trial, including but not limited to compensation for credit denials, damage to creditworthiness and reputation, financial burden, and emotional distress, pursuant to 15 U.S.C. §§ 1681n(a)(1), and 1681o(a)(1);

II.     Statutory damages, as permitted under 15 U.S.C. § 1681n(a)(1)(A);

III.    Punitive damages in an amount to be determined at trial as may be allowed under 15 U.S.C. § 1681n(a)(2) for Defendants' willful and reckless violations of the FCRA; and

IV.     Reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 15 U.S.C. §§ 1681n(a)(3), and 1681o(a)(2).

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff requests a trial by jury on all issues so triable.

Dated:  Brooklyn, New York
        March 12, 2026

> **PETROFF AMSHEN LLP**
> *Attorneys for Plaintiff,*
> Samoya Henry
>
> */s/ Serge F. Petroff*
> Serge F. Petroff, Esq.
> 1795 Coney Island Avenue, Third Floor
> Brooklyn, New York 11230
> Telephone: (718) 336-4200
> Email: spetroff@petroffamshen.com

14